UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donald J. Weiss, Esq. (7619)
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

-------------------------------------------------------------------
LEON ROBINSON,

               Plaintiff,

-against-

HEY MAMBO LLC d/b/a BUSTAN and 487-489
AMSTERDAM AVENUE HOUSING DEVELOPMENT
FUND CORPORATION,

               Defendants.
-------------------------------------------------------------------

Case no. 18CV7392

## COMPLAINT

Plaintiff, LEON ROBINSON, by and through his undersigned counsel, hereby files this Complaint and sues HEY MAMBO LLC d/b/a BUSTAN (the "Restaurant") and 487-489 AMSTERDAM AVENUE HOUSING DEVELOPMENT FUND CORPORATION (the "Owner"; with the Restaurant, collectively, "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III

of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This action also seeks compensatory damages and statutory damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq*., and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq*. This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

4. Plaintiff, LEON ROBINSON (hereinafter referred to as "Mr. Robinson"), is a resident of the State of New York.

5. Mr. Robinson is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL. Mr. Robinson has Cerebral Palsy and uses a wheelchair for his primary means of mobility (although able to ambulate with a cane for short distances).

6. Due to his disability, Mr. Robinson is substantially impaired in several major life activities.

7. The Owner owns the premises known and designated as 487 Amsterdam Avenue, New York, New York (hereinafter, the "Property"), where the Restaurant is located.

8. Upon information and belief, the Restaurant is a lessee or licensee of the Property.

9. Upon information and belief, the Restaurant has a written agreement with the Owner allowing it to occupy the Property.

10. The Property is a place of public accommodation, a restaurant selling food and beverages, open to the general public.

11. Defendants are obligated to comply with the ADA.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. Mr. Robinson realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

13. Each of the Defendants must comply with the ADA as they own, lease, lease to, control or operate a place of public accommodation within the meaning of the ADA (42 U.S.C. U.S.C. § 12181 and 28 C.F.R. § 36.104).

14. The Property is located near the area where Mr. Robinson lives and he would like to enjoy a meal there.

15. Mr. Robinson visited the Restaurant on or about June 20, 2018, when he was with his cousin, who often dines in the area with him, and he has passed by at other times in July, 2018.

16. Mr. Robinson was unable to enter the Restaurant in his wheelchair on his June 20th visit, and was deterred from attempting to enter on the other times he passed by, as a result of a barrier to his entry.

17. Mr. Robinson personally observed and/or has been made aware of the inaccessible features of the Property, as discussed below.

18. The barriers discussed below are excluding Mr. Robinson from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Restaurant.

19. Mr. Robinson plans to and will visit the Restaurant in the near future as a patron once the barriers alleged herein have been remediated.

20. Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*., and the Property is not accessible, as more fully detailed below.

21. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

23. The 1991 ADA Standards for Accessible Design (the "1991 Standards") apply to new construction and alterations from the inception of the ADA until March 14, 2012. As of March 15, 2012, compliance with revised standards, known as the 2010 ADA Standards for Accessible Design (the "2010 Standards"), was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012,

4

must comply with either 1991 Standards or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

24. An inspection of the Property was conducted and the following was noted, and the barriers identified as follows[1]:

The Restaurant is located on Amsterdam Avenue between 83rd and 84th Streets. The entrance door is approximately 32 inches wide door and opens outwards towards the street. Due to the arrangement of pots around the door, there is no 18 inch space on the pull side of the door so that a person in a wheelchair may move out of the way of the door swing as they pull open the door. The door sits over a rise of about 3 ½ inches (there is no "step" which one stands upon, but rather, simply an elevation of the door).

The following barriers are present at the entrance to the Restaurant:

a) There is no accessible route from the public sidewalk to an accessible building entrance, as required by 4.1.2 (1).

b) The surface of the sidewalk to the entrance contains an approximate 3 ½ inch rise, in violation of 4.5 and 4.5.2, which require rises over ½ inch to have a ramp complying with 4.7 or 4.8. (see 4.1.2 and 4.1.2 (4)).

c) There is no accessible route which connects the sidewalk with all required accessible areas of the facility (4.3.2).

d) The elevated door creates a rise within the maneuvering clearance that Plaintiff is unable to navigate in his wheelchair.

e) By not providing an accessible entrance, despite performing alterations to primary

---

[1] All of the numerical citations set forth refer to either the 1991 Standards, however, it is possible that some or all of the 2010 Standards may apply.

5

function areas since 1992, the Defendants failed to ensure the path of travel to the altered areas are accessible, to the maximum extent feasible. The areas altered since 1992 are not on an accessible route, as required by 4.1.6(2), although the altered portions contain primary function areas(4.1.6).

      f)      The presence of the pots within 18 inches of the pull side of the door are a barrier to Plaintiff's independent entry and would require assistance from someone who could pull open the door (4.13.6, 4.13.5, 4.13.6).

      g)      Where the alterations undertaken inside, when taken together, amount to an alteration of a room or space in this facility, each entire corresponding room has not been made accessible, as required by 4.1.6 (1) (b).

      h)      There is no accessible means of egress, in violation of 4.3.10, so that even if Plaintiff allowed someone to help him inside, he would be trapped in the event of an emergency.

Upon entering the Restaurant, there is plenty of room to navigate up to the bar or a table, but there are no accessible tables. All tables have a center leg and pedestal on the floor so that a person seated in a wheelchair has no room for their extended feet and toes and is left to twist their body or sit sideways at the table. The legs obstruct the necessary clearance to pull beneath the table in a wheelchair.

There is no lowered section of the bar. If Plaintiff wanted to join in the camaraderie at the bar, he could sit at a table across from the bar, but he would be blocking the aisle through the Restaurant as he would likely leave a pathway of under 36 inches between the seated patrons at the bar and his wheelchair sitting parallel to the table.

There is a separate dining area, similar to the other areas, located in the back, down two steps. This area is likely one of the areas people reserving space for a party would use. Plaintiff could not enter this area even if he left his chair, due to the lack of railings on both sides to assist

him in walking.

There is a large outside patio area which is on an accessible route within the Restaurant, but Plaintiff could not reach this area due to the rise at the entrance. The seats within this area are inaccessible due to the table base, as described above.

The bar and dining areas present the following barriers to Plaintiff's use:

i) No accessible route connects the accessible spaces on the site, as required by 4.1.2 (2), in that Plaintiff cannot reach any dining area, due to rises in his path of travel.

j) Guidelines 4.32.2 and 4.32.3 identify the clearance required by persons seated in a wheelchair to pull up to eat and drink at a table. Lack of clearance below the tables create an unequal benefit, whereby disabled patrons may not sit comfortably below a table, like able bodied patrons may.

k) In spite of extensive renovations, all areas created by the construction were not made accessible, as required by 5.4.

l) There are no accessible tables near the bar, nor is there a 60 inch long section at a height under 34 inches, so that Plaintiff may sit with other patrons, at the bar (5.2). In addition, if Plaintiff sat at one of the low tables across from the bar, he would have to sit parallel, due to lack of knee and toe space below the table, and would be blocking the 36 inch pathway which other patrons and employees must traverse to pass the bar.

m) There are no railings on both sides of the stairs where stairs are required to reach the back dining area, as required by 4.9 and 4.9.4.

There are two toilet rooms located down a hall which is located about midway through the Restaurant, on the right. One room has a sign marking it as accessible, although the room is not compliant with the ADA. The door is wide enough for a wheelchair to pass through and enter the

room, but once they get inside, there is nowhere for them to move to get out of the way of the door, which swings into the room, preventing a wheelchair patron from closing the door. There are no grab bars around the toilet. The mirror and paper towels are too high to be used by people with disabilities.

The toilet rooms present the following barriers:

n) There is no toilet facility provided which complies with 4.22, as required by 4.1.2 (6). Alternately, there is no unisex toilet provided which complies with 4.16 nor one lavatory complying with 4.19 (only renovated areas containing a primary function are required to comply with 4.1.2(6) but, per 4.1.2(6), even if not on an accessible route, the toilet room is required to meet 4.22 guidelines).

o) There is no 30x48 inch space outside of the door swing so that the required turning space is not provided, which would allow Plaintiff to enter, turn and close the door (4.2.3, 4.22.3). If Plaintiff gained entry, there is garbage can on the pull side of the door which would prevent Plaintiff from approaching the door to pull it open, as he would be sitting within the door swing.

p) The mirror above the sink exceeds the maximum permissible height of 40" (4.19.6).

q) No grab bars are present on either side of the toilet, which would allow individuals to transfer to and from the toilet (4.16.4, 4.26).

r) There is no clear floor space inside the rooms to accommodate the entry of a person in a wheelchair to sit inside the room, or at the toilet or sink (4.19.1, 4.19.3, 4.22.2, 4.16.2).

25. Further inspection of the Restaurant may be required to determine if any other barriers exist.

26. Mr. Robinson continues to desire to visit the Restaurant, but will continue to be unable to partake of the goods and services offered to the general public by Defendants until the

foregoing barriers have been removed.

27. Upon information and belief, the barrier to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

28. Removal of the barriers to access located at the Property would provide Mr. Robinson with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Restaurant.

29. Mr. Robinson has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
## (NEW YORK STATE EXECUTIVE LAW, §§ 296-297)

30. Mr. Robinson realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

31. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

32. N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

33. The conduct alleged herein discriminates against Mr. Robinson on account of his

disability.

34. The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

35. Defendants have violated the NYSHRL by depriving Mr. Robinson of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property.

36. Defendants have violated the NYSHRL by failing to remove the architectural barriers at the Property.

37. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

38. Defendants' conduct has resulted in a cognizable injury to Mr. Robinson.

39. Mr. Robinson has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

40. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Mr. Robinson has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

41. Mr. Robinson prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

## COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW
## (N.Y. Civ. Rights§§ 40-c and 40-d)

42. Mr. Robinson realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

43. As the owner, manager, lessee, and/or proprietor of a place of public

accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights §40 *et seq*.

44. Mr. Robinson has complied with the notice requirements of N. Y. Civ. Rights section 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

45. Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

46. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

47. The conduct alleged herein discriminates against Mr. Robinson on account of his disability.

48. The conduct alleged herein violates the NYSCRL.

49. Defendants have violated the NYSCRL by depriving Mr. Robinson of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Restaurant.

50. Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting Mr. Robinson, as a person with a disability, to discrimination in his civil rights.

51. Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law §296.

52. Defendants' conduct has resulted in a cognizable injury to Mr. Robinson.

53. Mr. Robinson has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

54. Mr. Robinson prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including statutory damages, and all other relief allowed by law.

## **COUNT IV - VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW**
## **(New York City, N.Y., Code § 8-502)**

55. Mr. Robinson realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

56. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL, New York City, N.Y., Code § 8-107(4).

57. N.Y. Code § 8-107(4) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

58. The conduct alleged herein discriminates against Mr. Robinson on account of his disability.

59. The conduct alleged herein violates the NYCHRL, N.Y. Code § 8-107.

60. Defendants have violated the NYCHRL, N.Y. Code § 8-107(4) by depriving Mr. Robinson of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Restaurant.

61. Defendants have violated the NYCHRL, N.Y., Code § 8-107(4) by failing to

remove the architectural barriers at the Restaurant.

62. Defendants have violated the NYCHRL, N.Y. Code § 8-107 (17) because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Restaurant have a disparate impact on persons with mobility related disabilities.

63. Defendants' conduct has resulted in a cognizable injury to Mr. Robinson.

64. Mr. Robinson has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

65. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Mr. Robinson has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

66. Mr. Robinson prays for judgment pursuant to N.Y. Code § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

67. Mr. Robinson has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to N.Y. Code § 8-502(g).

WHEREFORE, Mr. Robinson demands judgment against Defendants, and requests the following relief:

A. That this Court declare that the Restaurant owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL;

B. That this Court enter an Order directing Defendants to alter the Restaurant to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA, including, but not limited to, the barriers set forth above;

C. That this Court enter an Order awarding Mr. Robinson compensatory damages,

as provided for under N.Y. Exec. Law § 297(4) and New York City, N.Y., Code § 8-502(a);

D.      That this Court enter an Order awarding Mr. Robinson statutory damages, as provided for under N.Y. Civ. Rights section 40-d;

E.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Mr. Robinson, pursuant to 42 U.S.C. § 12205 and New York City, N.Y., Code § 8-502(g); and

F.      That this Court award such other and further relief as it deems necessary, just and proper.

Dated: August 15, 2018

*Donald J. Weiss*
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440